White, J.
The plaintiff in error was convicted, in the Court of Common Pleas of Richland county, of maliciously shooting one Harry Cook with intent to kill him. Several grounds of error are relied on. Such as we deem it material here to notice are the following:
1. It is alleged the court erred in limiting the time to be occupied by counsel in the argument of the ease to the jury.
It appears, from the bill of exceptions, that two days were actually occupied in the introduction of the testimony. During the progress of the trial the court adjourned over Christmas, and the trial was further suspended by the death of the mother of one of the jurors. On closing the testimony, the judge asked the counsel for the defendant how much time they desired in the argument of *587 the- case. Counsel, protesting against any limitation, declined to name any time. The judge then expressed the opinion that five hours on a side would he ample time for the argument, and said if counsel would name no limit, that would be the time fixed, but that he would not object to a short timé in excess of the limitation. The counsel for the defendant occupied five hours and twenty minutes in the argument of the case, without objection or any further suggestion from the court. It appears, however, that they restricted their arguments to the time actually occupied, in submission to what they regarded as the rule prescribed by the court before the argument commenced.
It is contended that the court is invested with no authority to limit the time to be consumed in argument to the jury in a criminal case.
The constitution, it is true, guaranties to the accused the right “to appear and defend in person and with counsel.” But this guaranty is not inconsistent with the existence of power in the court to regulate the exercise of the right by reasonable rules and limitations. The constitutional guaranty includes arguments addressed to the court as well as those addressed to the jury. The language of the constitution is: “In any trial, in any court,-the party accused shall be allowed to appear and defend in person and with counsel.” Courts are established for the purpose of administering justice. To insure the accomplishment of this object and prevent abuse, it is essential that courts should exercise a superintending control over the-argument of causes before them. The power, it is true, may be abused, and if it should be, it would constitute good ground for a new trial. The exercise of the power against a party charged with a grave criminal offense, is-certainly a matter of delicacy, and should be governed by prudence and caution. Eull time should be allowed for the fair discussion and presentation of the case. What might be reasonable in one case would be unreasonable in another. In the present case the action of the court below shows no just ground for our interference.
*588 2. It is claimed that the court erred in receiving the verdict in the absence of defendant’s counsel.
It is unnecessary to state, in detail the circumstances. The record shows the following facts: The case was given in charge to the jury about ten o’clock p. M.; the court then notified counsel that the verdict would be received promptly on the agreement of the jury, and that when the jury agreed the court-house bell would be rung as notice. The jury agreed about half-past six o’clock the next morning, and the bell was then rung; after an interval of twenty minutes the bell was rung a second time; ten minutes after the second ringing of the bell, the jury were brought into the court-room. Defendant’s counsel not appearing, the sheriffj by direction of the court, called them at the court-house door, and, they still not appearing, the verdict was received in their absence, but in the presence of the defendant. It appears from the affidavits of counsel, that they desired to be present at the receiving of the verdict, and that they would have been present if they had been notified. They also state that they believe the interests of the defendant required them to be present, and that if they had been, they would have required the jury to be polled.
The absence of counsel can not be attributed to any unreasonable or improper action of the court. All that can be required of the court is to afford counsel a reasonable opportunity to be present. In the present instance this was certainly done.
3. It appears from the bill of exceptions, that a difficulty ■existed between the prosecuting witness, Cook, and the defendant, growing out of a letter which had come into the possession of the defendant concerning Cook. The parties were- engaged in an altercation at the time of the alleged offense. The defendant had gone into a store, and was near the door. Cook was outside, on the sidewalk. The parties wei’e near together, but were not engaged in actual conflict, nor had they come in contact. During the altercation the defendant fired the shot for which he was on trial. *589 The defendant was examined as a witness, and admitted the shooting of Cook; but claimed he did it in self-defense.
The evidence being closed, defendant’s counsel asked the court to instruct the jury as follows: “ That if they find the justification of self-defense, upon which the defendant relies, is disclosed partly by the testimony introduced by the state, and in part by evidence offered by the defendant, and that it related to and grew out of the transaction or res gesta which constituted the alleged criminal act, that then, and in that case, the burden of proof is on the state, to satisfy the jury beyond a reasonable doubt that the shooting was unlawful.” This instruction the court refused to give, and the defendant excepted. Another request set forth in the bill of exceptions, in different language, but involving the same legal proposition, was refused by the court, and defendant excepted.
The court stated to the jury what facts were required to constitute the offense, and that, before they could convict, such facts must be found beyond a reasonable doubt; but that to justify an acquittal on the ground of self-defense, the preponderance of the evidence should show that the shooting was done in self-defense.
The same question now raised was before this court and decided in Silvus v. The State, 21 Ohio St. 91. Most of the authorities now cited were cited by the counsel in that case, and were fully considered by the court. We are still satisfied with the principle of that decision. The cases in which the question has been ruled otherwise, we are not inclined to adopt as the law of this state.
The principle is, that facts alleged, which the preponderance of the evidence does not support, ought not to have a controlling effect in the investigation.
True, the system of special pleading is not applied- to criminal cases. But the principles of law which govern in ascertaining the truth from evidence are. A general verdict shows the conclusion both as to the law and the fact. It is, however, competent for the jury, as was the case at common law, to find the facts by special verdict, *590 and thus to devolve upon the court the duty of declaring the law upon the facts so found. The practical result is the same in either case. In the former case, the jury apply the law as declared by the court, in making up the general verdict; in the latter, the law is declared by the court upon the facts as found by the special verdict.
If the facts hypothetically assumed in the instructions, were embodied in a special verdict, we see no reason why the verdict would not be good. The shooting with intent to kill being established, the law implies malice; and the malice thus implied, can only be rebutted by showing circumstances of justification or excuse.
The charge is objected to in some other respects, which we deem it unnecessary to notice particularly. The objections relate to general expressions found in it. We think the charge somewhat subject to a criticism we find applicable to many brought before us, of undertaking to state in the nature of general disquisition the doctrines of the law on the subject, instead of being limited to instructions called for by the circumstances of the particular case. But we do not think the jury could have been misled.

Motion overruled.

Day, C. J., McIlvaine, Welch, and Rex, JJ., concurring.